LOUIS PANZINO, PETITIONER-RESPONDENT, v. CONTINENTAL CAN COMPANY, INC., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 9, 1975—Decided July 3, 1975.

Before Judges MICHELS, MORGAN and MILMED.

*Mr. John W. Taylor,* attorney for appellant.

*Messrs. Goldberger, Siegel & Finn,* attorneys for respondent (*Mr. Jerry M. Finn,* of counsel).

The opinion of the court was delivered by

MICHELS, J. A. D. Respondent employer appeals from a judgment in the Division of Workmen's Compensation awarding petitioner-employee workmen's compensation benefits for loss of hearing due to occupational exposure to noise.

Petitioner worked for respondent for 39 years, retiring on March 31, 1966. During the course of his employment he was exposed to loud noises which resulted in a 54% permanent binaural hearing loss. Although petitioner noticed his hearing difficulty immediately after he retired in March 1966, he testified that he first became aware that it was due to noise exposure when, sometime around Labor Day 1972, former fellow employees informed him that they were applying for compensation benefits for hearing losses sustained while employed by respondent. On September 14, 1972 petitioner filed a claim petition seeking compensation for the hearing loss. A hearing on the petition was held in the Division on September 14, 1974. In the interim, on July 3, 1974, the periods of limitation for claiming compensation for occupational disease set forth in *N. J. S. A.* 34:15–34 were amended by our Legislature (*L.* 1974, *c.* 65, § 1). Prior to the 1974 amendment the statute provided in pertinent part:

All claims for compensation for compensable occupational disease shall be barred unless a petition is filed * * * within two years after

the date on which the employee ceased to be exposed in the course of employment with the employer to such occupational disease as hereinabove defined, or within one year after the employee knew or ought to have known the nature of his disability and its relation to his employment, whichever period is later in duration. * * *

Notwithstanding any provision of this section hereinabove set forth, all claims for compensation for compensable occupational disease hereunder shall be forever barred unless a petition is filed * * * within five years after the date on which the employee ceased to be exposed in the course of employment with the employer to such occupational disease; * * *

The 1974 amendment, which became effective on July 3, 1974, in pertinent part now provides:

Notwithstanding time limitation for the filing of claims for compensation as set forth in sections 34:15-41 and 34:15-51, or as set forth in any other section of this Title, there shall be no time limitation upon the filing of claims for compensation for compensable occupational disease, as hereinabove defined; provided, however, that where a claimant knew the nature of the disability and its relation to the employment, all claims for compensation for compensable occupational disease shall be barred unless a petition is filed * * * within 2 years after the date on which the claimant first had such knowledge; * * *.

The judge of compensation held that the 1974 amendment conferred upon the Division jurisdiction over the petitioner's claim notwithstanding the fact that the claim was barred by the statute of limitation in effect at the time the petition was filed.

■ As a general rule the terms of a statute are not given retroactive operation " 'unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intent of the legislature cannot otherwise be satisfied.' " *LaParre v. Y. M. C. A. of the Oranges,* 30 *N. J.* 225, 229 (1959). However, where a statute relates solely to procedure it is applicable to pending proceedings unless such application would disturb fixed rights or impair contract obligations. *Neel v. Ball,* 6 *N. J.* 546, 551 (1951); *In re Tenure Hearing of Grossman,* 127 *N. J. Super.* 13, 35 (App. Div. 1974), certif. den. 65 *N. J.* 292 (1974);

2 *Sutherland, Statutory Construction* (4 ed. 1973), §§ 41.05—41.09.

We are satisfied that the compensation judge erred by giving retroactive effect to the 1974 amendment of *N. J. S. A.* 34:15-34 in order to confer upon the Division jurisdiction over petitioner's claim. Such application impaired defendant's vested right to impose the bar of the former statute of limitations which had extinguished petitioner's claim by March 1971. See *State v. Standard Oil Co.*, 5 *N. J.* 281 (1950), aff'd 341 *U. S.* 428, 71 *S. Ct.* 822, 95 *L. Ed.* 1078 (1950), wherein our Supreme Court stated:

* * * The principle is embedded in our jurisprudence that where a right of action has become barred under existing law, the statutory defense constitutes a vested right which is proof against legislative impairment. The protection is the same whether the debtor has satisfied the demand or has become released from the obligation by the operation of the statute of limitations. [at 293–294]

* * *

Under our law, the right to interpose the bar of the statute of limitations to actions in contract of this class is a vested property right which the law-making body may not abrogate or impair. It is fundamental that the denial of the remedy affects the substance of the right in the constitutional sense. *Henderson v. Weber*, 131 *N. J. L.* 299 (E. & A. 1944), appeal dismissed 322 *U. S.* 713, 64 *S. Ct.* 1270, 88 *L. Ed.* 1555 (1944). When the remedy is taken away, the right ceases to exist. [at 296]

Petitioner's claim for compensation was barred by the former statute of limitations, and the Division therefore had no jurisdiction to entertain it. See *De Asio v. Bayonne*, 62 *N. J. Super.* 232, 235–236 (App. Div. 1960), certif. den. 33 *N. J.* 386 (1960); *Davis v. State*, 44 *N. J. Super.* 435, 441–442 (App. Div. 1957); *Riccioni v. American Cynamid Co.*, 26 *N. J. Super.* 1, 5 (App. Div. 1953), certif. den. 13 *N. J.* 289 (1953).

For the foregoing reasons, the judgment of the Division of Workmen's Compensation is reversed, and petitioner's claim for compensation is dismissed.